UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHANIE GERONIMO, individually and as a representative of a class of similarly situated persons.<br><br>Plaintiff,<br><br>v.<br><br>ALLAN SLATTERY, et al.<br><br>Defendants. | Civil Action No. 13-1542 (JLL) (MAH)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.[1] The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants summary judgment in favor of Defendants as to Plaintiff Stephanie Geronimo ("Plaintiff")'s individual and class section 1983 claims and declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. The Court, instead, remands Plaintiff's state law claims to the Superior of Court of New Jersey, Hudson County, Law Division.

---

[1] On October 11, 2013, Defendants filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 28). On November 26, 2013, the Court notified the parties of its intent to convert Defendants' motion into one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). (ECF No. 37). In doing so, the Court provided the parties with an opportunity to submit additional documentation for the Court's consideration by December 10, 2013. (*Id.*). The parties did not submit such documentation.

1

I.  **BACKGROUND**

The parties do not dispute the facts of this case.[2] On March 11, 2011, Plaintiff allegedly started a house fire in Jersey City, New Jersey. (Vakharia Decl. Ex. A, ECF No. 28-4). Plaintiff alleges that Defendant Detective Allan Slattery, an employee of the Jersey City Police Department, spearheaded an investigation into the fire and subsequently applied to the Jersey City Municipal Court for a Complaint - Warrant alleging that Plaintiff committed criminal mischief. (Compl. pp. 1-2, ¶¶ 2-4, ECF No. 1-1; Vakharia Decl., Ex.A). Defendant Lieutenant Frank Sprague, who Plaintiff alleges is an employee of the Jersey City Police Department, reviewed and approved of Detective Slattery's application for the Complaint - Warrant. (Compl. pp. 3, ¶¶ 7-8; Vakharia Decl. Ex. A). The Jersey City Municipal Court—where Plaintiff alleges that Defendant Maria Pagan serves as the administrator—ultimately issued the Complaint - Warrant after finding probable cause that Plaintiff started the March 11 house fire by negligently burning a jacket in her bed, which caused approximately $100,000 in property damage. (Compl. p. 4, ¶ 13; Vakharia Decl., Ex. A).

Plaintiff alleges that Defendants Officers Doran and Donahue, employees of the Jersey City Police Department, executed the Complaint - Warrant and arrested Plaintiff in her home on or about May 10, 2011. (Compl. pp. 3-4, ¶¶ 9-10). Plaintiff also alleges that Defendant Robert Kakoleski was the Acting Director of the Jersey Police Department at the time of the events underlying this action. (*Id.* at p. 4, ¶ 14).

On May 31, 2012, a grand jury for the Superior Court of New Jersey, Hudson County, Law Division, issued an indictment against Plaintiff for criminal mischief, aggravated assault,

---

[2] While Plaintiff states that Defendants' recitation of the facts "omitted certain relevant information," Plaintiff does not explicitly dispute any of the facts contained therein. (Pl. Opp'n Br. 2, ECF No. 31).

2

and arson. (Vakharia Decl. Ex. B.). Plaintiff eventually pled guilty to criminal mischief on January 24, 2013. (Vakharia Decl. Ex. C, ECF No. 28-4).

On February 1, 2013, Plaintiff filed a Complaint in the Superior Court of New Jersey, Hudson County, Law Division. (Compl. p. 1). The Court construes Plaintiff's Complaint as asserting the following claims: (1) false arrest and false imprisonment under 42 U.S.C. § 1983 on account of Defendant's violation of New Jersey Court Rule 3:3-1(c) (Count I); (2) violation of the New Jersey Civil Rights ("NJCRA"), N.J.S.A. 10:6-1, *et seq.*, on account of Defendant's violation of New Jersey Court Rule 3:3-1(c) (Count II); (3) state common law false imprisonment (Count III); and (4) state common law negligent infliction of emotional distress (Count IV).[3]

The Complaint was removed to this Court on March 13, 2013. (ECF No. 1). This Court has original jurisdiction over Plaintiff's individual and class section 1983 claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Defendants filed a motion to dismiss Plaintiff's Complaint on October 11, 2013. (ECF No. 28).

## II. LEGAL STANDARD

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists no "genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court must, however, consider all facts and their reasonable inferences in the

---

[3] Plaintiff also brings these claims on behalf of a putative class in Counts V through VIII of her Complaint.

3

light most favorable to the non-moving party. *See Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). If a reasonable juror could return a verdict for the non-moving party regarding material disputed factual issues, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 242-43 ("At the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

## III. DISCUSSION

The Court begins by noting that Plaintiff anchors all of her claims against Defendants on their purported violation of New Jersey Court Rule 3:3-1(c).[4] That Rule provides:

> A summons rather than an arrest warrant shall be issued unless:
>
> (1) the defendant is charged with murder, kidnapping, aggravated manslaughter, manslaughter, robbery, aggravated sexual assault, sexual assault, aggravated criminal sexual contact, criminal sexual contact, second degree aggravated assault, aggravated arson, arson, burglary, violations of Chapter 35 of Title 2C that constitute first or second degree crimes, any crime involving the possession or use of a firearm, or conspiracies or attempts to commit such crimes;
>
> (2) the defendant has been served with a summons and has failed to appear;
>
> (3) there is reason to believe that the defendant is dangerous to self, other persons, or property;
>
> (4) there is an outstanding warrant for the defendant;
>
> (5) the defendant's identity or address is not known and a warrant is necessary to subject the defendant to the jurisdiction of the court; or
>
> (6) there is reason to believe that the defendant will not appear in response to a summons.

---

[4] It bears mentioning that Counts I through IV of Plaintiff's Complaint are all premised on Defendants' purported violation of New Jersey Court Rule 3:3-1(c). In accordance, Plaintiff clarifies in her brief that "[t]he essence of [her] claim . . . is that [Defendants] issued a warrant for her arrest in violation of [New Jersey Court Rule 3:3-1(c)]. (Pl. Opp'n Br. 6).

4

Plaintiff contends that Defendants violated the Rule because they arrested her when they should have instead issued her a summons. (Pl. Opp'n Br. 3). As a result, Plaintiff maintains that she needlessly spent days in prison while her family tried to raise bail. (*Id.* at 7). Since the parties do not dispute the facts, the Court must determine whether Defendants are entitled to summary judgment. The Court first reviews Plaintiff's individual and class section 1983 claims.

A. Whether Defendants are Entitled to Summary Judgment as to Plaintiff's Individual and Class Section 1983 Claims

The overriding issue before this Court is whether Plaintiff can premise her individual and class section 1983 claims on Defendants' purported violation of a New Jersey Court Rule. The Court holds that Plaintiff cannot do so.

"[Section] 1983 provides a cause of action for any person who has been deprived of rights secured by the Constitution or laws of the United States by a person acting under color of law." *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir. 2002) (citations omitted). One such right, the Fourth Amendment right to be free from unreasonable searches and seizures, "prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest." *Payton v. New York*, 445 U.S. 573, 576 (1980).

Plaintiff contends that Defendants, acting under color of law, deprived her of her Fourth Amendment rights by arresting her with a "legally invalid" warrant. (Pl. Opp'n Br. 7). Plaintiff cites to *United States v. Merritt*, 293 F.2d 742 (3d Cir. 1961), to suggest that an arrest made with a "legally invalid" warrant is the equivalent of a constitutionally impermissible warrantless arrest in the home. (*Id.*) In support of this suggestion, Plaintiff quotes the following text from *Merritt*: "[T]he officers' entry into the defendant's apartment was on the same plane as an entry without any warrant at all and as such was an unlawful 'invasion' within the proscription of the Fourth

Amendment." *Id.* (quoting 293 F.2d at 742). Notably, Plaintiff fails to explain why the Third Circuit held that the warrant at issue in *Merritt* was "legally invalid." That explanation is dispositive.

In *Merritt*, the Third Circuit concluded that a search warrant was "legally invalid" because of a failure to comply with its terms. 293 F.2d at 744-45. Reading the text from *Merritt* quoted by Plaintiff in context clarifies this point:

> The District Court's correct conclusion of law that 'the search warrant was legally invalid,' *premised on its factual finding that the warrant was served at night and not during daytime as provided by its terms*, obliged the District Court to sustain the motion to dismiss, and it erred in failing to do so. Since the warrant was 'legally invalid' the officers' entry into the defendant's apartment was on the same plane as an entry without any warrant at all and as such was an unlawful 'invasion' within the proscription of the Fourth Amendment.[] As a consequence the 'fruits' of the entry were inadmissible as evidence and should have been suppressed.

*Id.* at 745-46 (emphasis added). Here, Plaintiff does not argue that the arrest warrant in this case was "legally invalid" because Defendants failed to comply with its terms. She instead argues that the arrest warrant was "legally invalid" because it was issued in violation of New Jersey Court Rule 3:3-1(c).[5] (*See* Pl. Opp'n Br. 7). That is simply not the context in which the Third Circuit used the words "legally invalid" in *Merritt*. Thus, this case is distinguishable from *Merritt*.

Ultimately, the United States Supreme Court has declined to hold "that violations of state arrest law are also violations of the Fourth Amendment . . . ." *See Virginia v. Moore*, 553 U.S. 164, 173 (2008); *McMullen v. Maple Shade Twp.*, 643 F.3d 96, 100 n. 5 (3d Cir. 2011) (citations omitted) ("Many states have enacted laws that afford individuals protections beyond those found

---

[5] Plaintiff cites no authority explicitly supporting the proposition that a violation of New Jersey Court Rule 3:3-1(c), in and of itself, could give rise to a claim under 42 U.S.C. § 1983, and this Court is aware of none.

6

in the United States Constitution. But arrests made in violation of these state laws are not, in and of themselves, actionable under § 1983."). While a state is free to create arrest rules that afford greater protections than the Fourth Amendment, its decision to do so does not alter the level of protections actually afforded by the Fourth Amendment. *Moore*, 553 U.S. at 174. ("A State is free to prefer one search-and-seizure policy among the range of constitutionally permissible options, but its choice of a more restrictive option does not render the less restrictive ones unreasonable, and hence unconstitutional."). In other words, "when States go above the Fourth Amendment minimum, the Constitution's protections concerning search and seizure remain the same." *Id.* at 173. Accordingly, to the extent that any Defendant violated New Jersey Court Rule 3:3-1(c), such a violation, in and of itself, is not actionable under section 1983. *See United States v. Sed*, 601 F.3d 224, 228 (3d Cir. 2010) ("[Defendant] is plainly wrong when he argues that his arrest in violation of Ohio law renders the conduct of the State Police unreasonable *per se* under the Fourth Amendment."); *see also Abdeo v. Borough of S. Plainfield Police Dep't*, No. 07-4965, 2010 WL 547603, *3 (D.N.J. Feb. 11, 2010) (Linares, J.) (holding that section 1983 liability could not arise from the violation of New Jersey Court Rule 3:3-1(f)).

    B.    <u>Whether Defendants are Entitled to Summary Judgment as to Plaintiff's State Law Claims</u>

In addition to her section 1983 claim, Plaintiff asserts a NJCRA claim and state law tort claims for false imprisonment and negligent infliction of emotional distress against Defendants. She brings these claims on behalf of herself and a putative class. This Court must determine whether it will retain jurisdiction over these claims.

Section 1367(c)(3) of Title 28 provides a district court with discretion to "decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction . . . ." " '[W]here the claim over which the district court has original

7

jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.' " *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

The Court begins by noting that is has dismissed all claims over which it has original jurisdiction. With respect to judicial economy, this case has not yet entered discovery and there is no significant interest served by adjudicating Plaintiff's state law claims in federal court. *See, e.g., Freund v. Florio*, 795 F. Supp. 702, 711 (D.N.J. 1992) ("[A]t this early stage in the litigation, dismissal of the pendent state claims in a federal forum will result in neither a waste of judicial resources nor prejudice to the parties."). Moreover, the New Jersey Supreme Court has determined on "several occasions" that the New Jersey State Constitution "affords greater protections against unreasonable searches and seizures than the federal Constitution affords." *State v. Pierce*, 136 N.J. 184, 209 (1994) (citations omitted). In light of these determinations, it would be preferable for a New Jersey court to decide Plaintiff's NJCRA and state law tort claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right . . . . Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . .").

This Court, therefore, in an act of discretion, declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and remands the pending state law claims to the Superior Court of New Jersey. 28 U.S.C. § 1367(c)(3); *see, e.g., Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 181 (3d Cir. 1999) (holding that district court "acted well within its discretion in dismissing Figueroa's remaining territorial claims," under section 1367(c)(3), "as it

had dismissed the Title VII claim that provided the court with its [original] jurisdiction."); *see also Carluccio v. Parsons Inspection & Maint. Corp.*, No. 06-4354, 2007 WL 1231758, *6 (D.N.J. Apr. 24, 2007) (Linares, J.) (remanding remaining state law claims *sua sponte* to Superior Court of New Jersey after declining to exercise supplemental jurisdiction)

## IV. CONCLUSION

For the reasons set forth above, the Court grants summary judgment in favor of Defendants as to Plaintiff's individual and class section 1983 claims. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and, instead, remands them to the Superior Court of New Jersey, Hudson County, Law Division.

An appropriate Order accompanies this Opinion.


DATED: 16 of January, 2014.


JOSE L. LINARES
U.S. DISTRICT JUDGE